IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NALEX ENERGY, LLC | § | |
| | § | |
|    Plaintiff/Counter-Defendant, | § | |
| | § | |
| VS. | § | Civ. No. 4:22-cv-01824 |
| | § | |
| LAURITZEN BULKERS A/S, | § | Fed. R. Civ. P. 9(h) |
| | § | Admiralty Claim |
|    Defendant/Counter-Plaintiff | § | |
| | § | |

## NALEX'S ANSWER TO DEFENDANT/COUNTER LAURITZEN'S FIRST AMENDED COUNTERCLAIM

Plaintiff/Counter-Defendant Nalex Energy, LLC ("Nalex") submits its Answer to Defendant/Counter-Plaintiff Lauritzen Bulkers A/S's ("Lauritzen") First Amended Counterclaim (ECF No. 26).

## PRELIMINARY STATEMENT

Nalex denies every allegation contained in the Counterclaim, except as specifically herein admitted, and any factual averment admitted herein is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendos, or speculations that are contained in any allegation or in the Counterclaim as a whole. Moreover, Nalex specifically denies all allegations contained in unnumbered paragraphs in the Counterclaim. Nalex responds to the allegations in the numbered paragraphs of the Counterclaim as follows:

## LAURITZEN'S COUNTERCLAIMS AGAINST NALEX

1. Paragraph 43 contains no allegation of fact or conclusion of law to which a response is required. To the extent a response is required, this paragraph is denied.

2. Nalex lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 44.

3. Nalex admits Lauritzen asserts claims for monetary damages related to the delivery of bunkers to Lauritzen, however Nalex denies that Lauritzen is entitled to any of the damages it seeks in its Counterclaim. The remainder of the allegations in paragraph 45 are denied.

4. Nalex admits that the permissible limits for cat fines contained in ISO 8217:2017 is 60 mg/kg. The remainder of the allegations in paragraph 46 are denied.

5. Nalex lacks sufficient knowledge or information to form a belief about how the M/V SHANGHAI (the "Vessel") took its bunker samples, or the veracity of the analyses contained in Exhibit A, B, and C to Lauritzen's Counterclaim. Further, Nalex states that the analyses contained in Exhibit A, B, and C to Lauritzen's Counterclaim are the best evidence of their contents. Accordingly, Nalex denies the remainder of the allegations in paragraph 47.

6. Nalex admits the allegations of paragraph 48.

7. The allegations in paragraphs 49 are denied because Nalex lacks sufficient knowledge or information to form a belief about how the Vessel took its bunker samples, or the veracity of the analyses of these samples. Nalex further denies these allegations because they require expert opinion and review.

8. Nalex denies the allegations of paragraph 50.

9. Nalex denies the allegations of paragraph 51.

10. Nalex denies the allegations of paragraph 52.

11. Nalex denies the allegations in paragraph 53 to the extent they allege that Nalex supplied bunkers that were off-specification or that the Vessel could not use the bunkers supplied by Nalex. Nalex lacks sufficient knowledge or information to form a belief about the truth of the remainder of the allegations in paragraph 53.

12. Nalex denies the allegations in paragraph 54 with respect to the reason Lauritzen retained its surveyors. Nalex lacks sufficient knowledge or information to form a belief about the truth of the remainder of the allegations in paragraph 54.

13. Nalex denies the allegations of paragraph 55.

14. Nalex denies the allegations of paragraph 56.

15. Nalex denies that Lauritzen is entitled to any of its alleged damages in paragraph 57.

16. Nalex denies that Lauritzen is entitled to the relief it seeks in its prayer.

## NALEX'S AFFIRMATIVE DEFENSES

17. Lauritzen fails to state a claim upon which relief can be granted, including without limitation to Lauritzen seeking recovery of damages for which there is no basis in law or fact.

18. Lauritzen's alleged damages, if any, were not caused legally, proximately, or in fact by Nalex, nor were they caused by any action or omission on the part of Nalex.

19. Lauritzen's alleged damages, if any, were caused in whole or in part by the actions or omissions of a third party.

20. Lauritzen's claims are barred, in whole or in part, due to estoppel, quasi-estoppel, consent, waiver, unclean hands, acquiescence, and/or ratification.

21. Lauritzen's claims are barred, in the alternative, because the terms of the parties' agreement were modified by Lauritzen's course of conduct.

22. Lauritzen's damages, if any, are barred because they are speculative, uncertain, and vague.

23. Lauritzen's claims are barred, in whole or in part, due to its own negligence and/or mistake.

24. Lauritzen's claims are barred, in whole or in part, due to its failure to mitigate its alleged damages.

25. Lauritzen's claims are barred by the terms of Nalex's 2018 General Conditions of Sale and Delivery, which govern the parties' rights and liabilities.

26. Lauritzen's claims for special, indirect, or consequential damages are barred by the terms of Nalex's 2018 General Conditions of Sale and Delivery.

27. Lauritzen's alleged damages are capped by the limitation of liability in Nalex's 2018 General Conditions of Sale and Delivery.

28. Lauritzen is not entitled to its attorneys' fees.

## **PRAYER**

WHEREFORE, Plaintiff/Counter-Defendant Nalex Energy LLC demands judgment against Defendant/Counter-Plaintiff Lauritzen Bulkers A/S as follows:

1. an order dismissing its Counterclaims in full; and

2. an award of compensatory damages and attorneys' fees to Plaintiff/Counter-Defendants in an amount to be determined at trial; and any such further relief to which Plaintiff Counter-Defendants may be justly entitled.

Respectfully submitted,

NICHOLS BRAR WEITZNER & THOMAS LLP

*/s/   **Kip Brar***
Kip Brar
Texas Bar No. 24067333
SDTX ID: 1055559
2402 Dunlavy Street, Suite 2000
Houston, Texas 77006
Direct: 713-405-3336
kbrar@nicholsbrar.com

**Attorney-in-Charge for Plaintiff Nalex Energy, LLC**

**Of Counsel:**

NICHOLS BRAR WEITZNER & THOMAS LLP

Misha J. Paltiyevich
Texas Bar No. 24095695
2402 Dunlavy Street, Suite 2000
Houston, Texas 77006
mpaltiyevich@nicholsbrar.com
Direct: 713-405-3336

## Certificate of Service

The foregoing Answer was served on all counsel of record via the Court's ECF system on January 6, 2023.

*/s/ Misha J. Paltiyevich*
Misha J. Paltiyevich